## IN THE CIRCUIT COURT OF CASS COUNTY, MISSOURI

| | |
|---|---|
| JASON D. ROBERTS<br>4735 Richmond Avenue<br>Kansas City, Kansas 66102<br><br>Plaintiff,<br><br>v.<br><br>CASEY'S MARKETING COMPANY,<br>Serve:<br>THE CORPORATION COMPANY<br>INC., Resident Agent<br>120 South Central Avenue<br>Clayton, Missouri 63105<br><br>Defendant. | Case No.<br><br>Division |

## PETITION FOR DAMAGES

Plaintiff Jason D. Roberts, by and through the undersigned counsel, and for his claims for relief against Defendant Casey's Marketing Company, states, alleges, and avers as follows:

### THE PARTIES

1. At all relevant times, Plaintiff was and is an individual and resident of Kansas City, Wyandotte County, Kansas.

2. At all relevant times, Defendant was and is a Foreign For-Profit Organization registered to do business in the State of Missouri that owned and operated a gas station located at 6909 E. 163rd Street, Belton, Missouri 64012 (the "Store"). Defendant may be served via its resident agent at The Corporation Company, Inc., located at 120 South Central Avenue, Clayton, Missouri 63105.



EXHIBIT 1

3. This Court has personal jurisdiction over Defendant in this matter pursuant to Section 506.500 of the Missouri Revised Statutes.

4. This Court has subject matter jurisdiction in this matter.

5. Venue is proper per Section 508.010 of the Missouri Revised Statutes.

## FACTS COMMON TO ALL COUNTS

6. On November 2, 2019, Plaintiff was a business invitee at the Store, when he slipped on a substance on the floor, thereby causing him to fall (hereinafter the "Incident").

7. The area in which Plaintiff fell was wet, but had no warnings or signage posted just prior to his fall.

8. At all relevant times hereto, the Incident site presented an unsafe condition and was not reasonably safe as a result of one or more of the following: the wetness or substance(s) on the floor; lack of warning; composition of the floor; or other reasons not known at this time.

9. Plaintiff was unaware of the unsafe conditions before falling at the Incident site.

10. The acts and omissions of Defendant were carried out by its agents, servants, and/or employees, acting within the course and scope of their employment with Defendant.

## COUNT I - NEGLIGENCE

11. Plaintiff hereby incorporates by reference all preceding allegations of Plaintiff's Petition for Damages as if fully set forth herein.

12. At all relevant times herein, Defendant maintained control and maintenance of the area where the Incident occurred.

13. Defendant owed a duty to exercise reasonable care to ensure its property was in a reasonably safe and suitable condition for invitees, including Plaintiff.

14. At the time of the Incident, the area where the Incident occurred constituted a dangerous condition.

2

15. Defendant knew or should have known through the exercise of reasonable care that the condition of the soda fountain area of the store at the date and time of the Incident was not reasonably safe and/or was dangerous.

16. Alternatively, Defendant negligently created the unsafe condition or so caused it to be created by negligently maintaining the premises, such that Defendant was deemed to have had actual notice of said unsafe condition.

17. Defendant breached its duty to Plaintiff when it failed to keep its property in a condition that was reasonably safe for Plaintiff and other invitees, and further by failing to remedy or warn Plaintiff of said dangerous condition.

18. As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff was injured and has suffered and will continue to suffer damages including, but not limited to, those arising from:

    a. Past medical and hospital expenses;

    b. Future medical, hospital and life care expenses;

    c. Past lost wages;

    d. Diminished earning capacity;

    e. Past and future emotional distress;

    f. Pain and suffering;

    g. Mental anguish;

    h. Disfigurement; and

    i. Past and future loss of enjoyment of life.

19. All of Plaintiff's injuries, disabilities, infirmities, and damages are permanent, painful, and progressive in nature and extent.

3

WHEREFORE, based on the foregoing, Plaintiff prays for a judgment against Defendant for money damages in excess of $75,000; Plaintiff's costs incurred herein; and, for such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all counts and claims in this cause of action.

Respectfully submitted,

**DIPASQUALE MOORE, LLC**

*/s/ David L. Johnson*
David L. Johnson #61867
4050 Pennsylvania Ave., Suite 121
Kansas City, MO 64111
Phone: (816) 888-7500
Fax: (816) 888-7519
E-mail: dave.johnson@dmlawusa.com
**ATTORNEY FOR PLAINTIFF**

4



# IN THE 17TH JUDICIAL CIRCUIT, CASS COUNTY, MISSOURI

| Judge or Division:<br>R. MICHAEL WAGNER | Case Number: 21CA-CC00017 |
|---|---|
| Plaintiff/Petitioner:<br>JASON D ROBERTS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DAVID LAWRENCE JOHNSON<br>4050 PENNSYLVANIA AVE<br>SUITE 121<br>KANSAS CITY, MO 64111 |
| Defendant/Respondent:<br>CASEY'S MARKETING COMPANY | Court Address:<br>Cass County Justice Center<br>2501 West Mechanic<br>HARRISONVILLE, MO 64701 |
| Nature of Suit:<br>CC Pers Injury-Other | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** CASEY'S MARKETING COMPANY
**Alias:**
SERVE AT THE CORPORATION COMPANY
120 S CENTRAL AVE
CLAYTON, MO 63105

**COURT SEAL OF CASS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

/s/ Kim York, Circuit Clerk, 1/21/2021, 04:11 PM
_____ Date _____  _____ Clerk _____

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____  _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
_____ Date _____  _____ Notary Public _____

**Sheriff's Fees, if applicable**
Summons $ _____
Non Est $ _____
Sheriff's Deputy Salary
Supplemental Surcharge $ 10.00
Mileage $ _____ ( ____ miles @ $ ____ per mile)
Total $ _____

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 21-SMCC-42    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:21-cv-00094-GAF   Document 1-1   Filed 02/16/21   Page 5 of 5